IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re<br><br>SALVATORE CARBONE<br><br>Debtor<br><br>GARY SEITZ, CHAPTER 7 TRUSTEE<br><br>Plaintiff<br>vs.<br><br>SALVATORE CARBONE<br>WENDY CARBONE<br>RAYMOND CARBONE<br>CATHY SIKORA<br>CARBONE BROTHERS LLP<br>BUILDER PROS CONSTRUCTION<br>BUILDER PROS CONTRACTORS, LLC | CIVIL ACTION<br><br>Bankruptcy no. 18 – 13403ELF<br><br>Adversary no. 19 – 68 |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now comes the above Defendants, Salvatore Carbone, Wendy Carbone, Raymond Carbone, Cathy Sikora, Carbone Brothers LLP, Builder Pros Construction, Builder Pros Contractors, LLC by and through their counsel, Weber Gallagher Simpson Fires & Newby LLP, hereby files this Motion to Dismiss Plaintiff's Complaint and in support thereof states as follows:

1. The present bankruptcy case was filed on May 22nd, 2018.

2. The Debtor received a discharge from this court on November 8, 2018.

3. On March 29, 2019, Gary Seitz, Esquire Chapter 7 Trustee for the Debtor, Salvatore Carbone (hereinafter "Plaintiff") filed this adversary proceeding against the above-Defendants (the "Complaint"). A true and correct copy of the Complaint is attached to the supporting Memorandum as Exhibit 1.

4. The Complaint alleges in relevant part as follows:

a.  On or about February 23, 2017, an arbitration award was entered in favor of John Antonucci and against certain parties, including Defendants Carbone Brothers, LLP, Raymond Carbone and Salvatore Carbone, which was then confirmed by Court Order. See Exhibit A to the Complaint as well as paragraphs 12-23 of the Complaint.

b.  During a meeting of creditors in connection with Salvador Carbone's bankruptcy, he allegedly testified that Raymond Carbone "was using the truck and plow that was associated with the Carbone Brothers plowing business" and that "Salvatore Carbone allegedly permitted the transfer of the vehicle and plowing business to Ray for little or no value." See paragraph 30. The Complaint does not specify who allegedly owned the truck and plow in the first place or when the transfer occurred.

c.  In 2014, Ray Carbone filed a Construction Permit Application on behalf of Carbone Brothers to construct a single-family residence at 260 Elmhurst Ave., Sellersville, PA (hereinafter the "Sellersville" property). See paragraph 38 of the Complaint as well as Exhibit D attached thereto.

d.  Paragraph 39 of the Complaint alleges as follows: "Upon information and belief, Carbone Brothers, Ray and/or Sal Carbone fronted the $45,000 for the purchase of the building lot and had the deed in the name of Cathy Bird Sikora." There is no date given in the Complaint for when this alleged transfer or transaction occurred.

e.  Paragraph 44 of the Complaint alleges as follows: "Mail to the Sellersville Property is sent to 45 W. Mt. Kirk Ave., Norristown ("Mt. Kirk Property").

2

Upon information and belief, Carbone Brothers built the Mt. Kirk Property, similar to the Sellersville Property and transferred this property to Sikora for little or no value." There is no date given in the Complaint when this alleged transfer or transaction occurred.

f. Paragraph 53 of the Complaint, which is part of Count I, alleging a fraudulent transfer under 11 U.S.C. §§548(a)(1) and 550(a), alleges that: "the transfers of the Carbone Brothers' plowing business equipment, the Sellersville Property and the Mt. Kirk Property constitute 'transfers' within the meaning of Bankruptcy Code section 101(54)."

g. Count I of the Complaint further alleges that the above-referenced transfers were made on or within two years of the petition date, and that the transfers were made with actual intent to hinder, delay or defraud creditors.

h. Paragraph 61 of the Complaint, which is part of Count II, alleging a fraudulent transfer under 12 P.S. §5104(a)(1) and (a)(2), alleges that: "at the time that Carbone Brothers and Sal Carbone's interests in the plowing business, equipment, the Sellersville Property and Mt. Kirk Property transferred, the Court had established the trial date in the [Montgomery County lawsuit referenced in paragraph 2a above]."

i. Count II further provides that "Sal Carbone received nominal or no value in return for the Transfers" (first paragraph 68), that the Complaint is being filed within four years after the Transfers were made (second paragraph 68), and that the Transfers were made with actual intent to hinder, delay or fraud

3

creditors within the meaning of the Pennsylvania Uniform Fraudulent Transfer Act.

    j. Count III of the Complaint argues that the corporate veil should be pierced as to all corporate defendants because they are all allegedly alter egos of each other and are allegedly controlled by Sal Carbone. See paragraphs 78 and 79 of the Complaint.

5. While the Complaint delves into many different areas, the actual relief sought in the Complaint is avoidance and recovery of alleged fraudulent transfers pursuant to either the Bankruptcy Code or state law.

6. In order for there to be a fraudulent conveyance under §§548(a)(1) and 550(a) of the Bankruptcy Code, among several other requirements, it is required that there be a "transfer" of an interest of the debtor in property <u>and</u> said transfer must have been made or incurred within two years before the date of the filing of the petition.

7. In this case, as more fully discussed in the Memorandum of Law, neither of these requirements are satisfied with respect to the allegedly transferred assets.

8. With respect to the property defined in the Complaint as the Sellersville Property, the transfer took place on March 14, 2014, more than four years before the May 22, 2018 petition date. See the Memorandum of Law attached hereto, which attaches the Deed to the Sellersville Property and establishes the proposition that, when considering a motion to dismiss under Federal Rule 12(b)(6), a court may consider undisputedly authentic documents that a defendant attaches as an exhibit to the motion if the plaintiff's claims are based on or integral to the document.

9. Accordingly, the statute of limitations has lapsed with respect to an attempted avoidance of this transfer under section 548 of the Bankruptcy Code and under applicable state law.

10. Moreover, contrary to the allegations in the Complaint Salvador Carbone, the Debtor herein does not now own and has never owned the Sellersville Property. See the Memorandum of Law attached hereto.

11. With respect to the property defined in the Complaint as the Mt. Kirk Property, the transfer took place on June 26, 2014, more than two years before the May 22, 2018 petition date. See the Memorandum of Law attached hereto , which attaches the deed to the Mt. Kirk Property and establishes the proposition that, when considering a motion to dismiss under Federal Rule 12(b)(6), a court may consider undisputedly authentic documents that a defendant attaches as an exhibit to the motion if the plaintiff's claims are based on or integral to the document.

12. Accordingly, the statute of limitations has lapsed with respect to an attempted avoidance of this transfer under section 548(a)(1) of the Bankruptcy Code.

13. Moreover, contrary to the allegations in the Complaint Salvador Carbone, the Debtor herein does not now own and has never owned the Mt. Kirk Property. See the Memorandum of Law attached hereto.

14. Accordingly, on each of these two separate and independent grounds, the requirements of section 548(a)(1) of the Bankruptcy Code have not been satisfied and dismissal of Count I of the Complaint is appropriate as to the Sellersville Property.

15. With respect to the property defined in the Complaint as the Mt. Kirk Property, the transfer took place on June 26, 2014, more than two years before the May 22, 2018 petition date. See the Memorandum of Law attached hereto.

16. Accordingly, the statute of limitations has lapsed with respect to an attempted avoidance of this transfer under section 548(a)(1) of the Bankruptcy Code.

17. Moreover, contrary to the allegations in the Complaint, Salvador Carbone, the Debtor herein does not now own and has never owned the Mt. Kirk Property. See the Memorandum of Law attached hereto.

18. Accordingly, on each of these two separate and independent grounds, the requirements of section 548(a)(1) of the Bankruptcy Code have not been satisfied and dismissal of Count I of the Complaint is appropriate as to the Mt. Kirk Property.

19. The statute of limitations has also expired with respect to both the Sellersville Property and the Mt. Kirk Property under Pennsylvania law because both transfers took place more than four years before the adversary proceeding was filed.

20. With respect to the vague reference in paragraphs 53 and 61 of the Complaint to "the Carbone Brothers' plowing business, [and] equipment," there is no indication in the Complaint as to (1) what equipment or business is being referred to, (2) what evidence exists that it was ever owned by Carbone Brothers, (3) , which exact assets were supposedly transferred, (4) the date said transfers allegedly occurred, or (5) the evidence that if any transfer occurred in the first place, it was for little or no value.

21. Salvador Carbone received a discharge in his bankruptcy case before this adversary proceeding was filed against him.

22. As more fully discussed in the attached Memorandum of Law, Federal Rule 12(b)(6) allows a party to move for dismissal of a claim for relief if there is a failure to state a claim upon which relief can be granted.

23. In this case, as more fully discussed in the attached Memorandum of Law, the Complaint filed fails to state a claim upon which relief can be granted under either the Bankruptcy Code provisions cited in the Complaint or the Pennsylvania statutory provisions cited in the Complaint and should be dismissed.

WHEREFORE, for the reasons stated herein and in the attached Memorandum of Law and Exhibits attached thereto, it is hereby requested that the Complaint filed by Plaintiff against the above Defendants be dismissed with prejudice, and that this Court order such other relief as is just and proper.

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP

Date: 4/18/19        By: _____
Peter E. Meltzer, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
215-972-7900
*Attorneys for Defendants*