IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re<br><br>SALVATORE CARBONE<br><br>Debtor<br><br>GARY SEITZ, CHAPTER 7 TRUSTEE<br><br>Plaintiff<br>vs.<br><br>SALVATORE CARBONE<br>WENDY CARBONE<br>RAYMOND CARBONE<br>CATHY SIKORA<br>CARBONE BROTHERS LLP<br>BUILDER PROS CONSTRUCTION<br>BUILDER PROS CONTRACTORS, LLC | CIVIL ACTION<br><br>Bankruptcy no. 18 – 13403ELF<br><br>Adversary no. 19 – 68 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now comes the above Defendants, Salvatore Carbone, Wendy Carbone, Raymond Carbone, Cathy Sikora, Carbone Brothers LLP, Builder Pros Construction, Builder Pros Contractors, LLC by and through their counsel, Weber Gallagher Simpson Fires & Newby LLP, and file the within Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof states:

**I.     STATEMENT OF CASE**

The present bankruptcy case was filed on May 22, 2018. The Debtor received a discharge from this Court on November 8, 2018.

On March 29, 2019, Gary Seitz, Esquire Chapter 7 Trustee for the Debtor, Salvatore Carbone (hereinafter "Plaintiff") filed this adversary proceeding against the above-Defendants (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

1

The Complaint alleges in relevant part as follows:

a. On or about February 23, 2017, an arbitration award was entered in favor of John Antonucci and against certain parties, including Defendants Carbone Brothers, LLP, Raymond Carbone and Salvatore Carbone, which was then confirmed by Court Order. See Exhibit A to the Complaint as well as paragraphs 12-23 of the Complaint.

b. During a meeting of creditors in connection with Salvador Carbone's bankruptcy, he allegedly testified that Raymond Carbone "was using the truck and plow that was associated with the Carbone Brothers plowing business" and that "Salvatore Carbone allegedly permitted the transfer of the vehicle and plowing business to Ray for little or no value." See paragraph 30. The Complaint does not specify who allegedly owned the truck and plow in the first place or when the transfer occurred.

c. In 2014, Ray Carbone filed a Construction Permit Application on behalf of Carbone Brothers to construct a single-family residence at 260 Elmhurst Ave., Sellersville, PA (hereinafter the "Sellersville Property"). See paragraph 38 of the Complaint as well as Exhibit D attached thereto.

d. Paragraph 39 of the Complaint alleges as follows: "Upon information and belief, Carbone Brothers, Ray and/or Sal Carbone fronted the $45,000 for the purchase of the building lot and had the deed in the name of Cathy Bird Sikora." There is no date given in the Complaint for when this alleged transfer or transaction occurred.

e. Paragraph 44 of the Complaint alleges as follows: "Mail to the Sellersville Property is sent to 45 W. Mt. Kirk Ave., Norristown ("Mt. Kirk Property"). Upon information and belief, Carbone Brothers built the Mt. Kirk Property, similar to the Sellersville

Property and transferred this property to Sikora for little or no value." There is no date given in the Complaint when this alleged transfer or transaction occurred.

f. Paragraph 53 of the Complaint, which is part of Count I, alleging a fraudulent transfer under 11 U.S.C. §§548(a)(1) and 550(a), alleges that: "the transfers of the Carbone Brothers' plowing business equipment, the Sellersville Property and the Mt. Kirk Property constitute 'transfers' within the meaning of Bankruptcy Code section 101(54)."

g. Count I of the Complaint further alleges that the above-referenced transfers were made on or within two years of the petition date, and that the transfers were made with actual intent to hinder, delay or defraud creditors.

h. Paragraph 61 of the Complaint, which is part of Count II, alleging a fraudulent transfer under 12 P.S. §5104(a)(1) and (a)(2), alleges that: "at the time that Carbone Brothers and Sal Carbone's interests in the plowing business, equipment, the Sellersville Property and Mt. Kirk Property transferred, the Court had established the trial date in the [Montgomery County lawsuit referenced in paragraph 2a above]."

i. Count II further provides that "Sal Carbone received nominal or no value in return for the Transfers" (first paragraph 68), that the Complaint is being filed within four years after the Transfers were made (second paragraph 68), and that the Transfers were made with actual intent to hinder, delay or fraud creditors within the meaning of the Pennsylvania Uniform Fraudulent Transfer Act.

j. Count III of the Complaint argues that the corporate veil should be pierced as to all corporate defendants because they are all allegedly alter egos of each other and are allegedly controlled by Sal Carbone. See paragraphs 78 and 79 of the Complaint.

Contrary to the allegations in the Complaint, Salvatore Carbone never owned the Sellersville Property, and contrary to the allegations in the Complaint, the transfer of that property took place on March 10, 2014, more than four years before the bankruptcy petition date. Rather, it was purchased by Cathy Sikora a/k/a Cathy Bird and has been owned solely by her at all times. See Exhibit 2 attached hereto.

Contrary to the allegations in the Complaint, Salvatore Carbone never owned the Mt. Kirk Property, and contrary to the allegations in the Complaint, the transfer of that property took place on June 26, 2014, more than two years before the bankruptcy petition date. Rather, it was purchased by Cathy Sikora a/k/a Cathy Bird and has been owned solely by her at all times. See Exhibit 3 attached hereto.

## II.     QUESTIONS PRESENTED

1. Should Count I of the Complaint, requesting avoidance and recovery of a fraudulent transfer under Section 548(A)(1) of the Bankruptcy Code with respect to two parcels of real estate, be dismissed where the transfers in question were not transfers of an interest of the Debtor in property?

**Suggested Answer: YES**

2. Should Count I of the Complaint, requesting avoidance and recovery of a fraudulent transfer of two parcels of real estate under Section 548(A)(1) of the Bankruptcy Code, be dismissed based on lapse of the statute of limitations where the transfers occurred more than two years before the bankruptcy petition was filed?

**Suggested Answer: YES**

3. Should Count I of the Complaint, requesting avoidance and recovery of a fraudulent transfer with respect to plowing equipment under Section 548(A)(1) of the Bankruptcy Code, be dismissed where there is no indication in the Complaint as to (1) what equipment or business is being referred to, (2) what evidence exists that it was ever owned by Carbone Brothers, (3) which exact assets were supposedly transferred, (4) the date said transfers allegedly occurred, or (5) the evidence that if any transfer occurred in the first place?

**Suggested Answer: YES**

4. Should Count II of the Complaint, requesting avoidance and recovery of a fraudulent transfer of two parcels of real estate under the Pennsylvania Uniform Fraudulent Transfer Act, be dismissed where the transfers in question were not transfers of an interest of the Debtor in property?

**Suggested Answer: YES**

5. Should Count II of the Complaint, requesting avoidance and recovery of a fraudulent transfer regarding to real properties under Pennsylvania Uniform Fraudulent Transfer Act, be dismissed based on lapse of the statute of limitations where the transfer of the two properties occurred more than four years before the adversary proceeding was filed?

**Suggested Answer: YES**

6. Should Count I of the Complaint, requesting avoidance and recovery of a fraudulent transfer with respect to plowing equipment under the Pennsylvania Uniform Fraudulent Transfer Act, be dismissed where there is no indication in the Complaint as to (1) what equipment or business is being referred to, (2) what

evidence exists that it was ever owned by Carbone Brothers, (3) which exact assets were supposedly transferred, (4) the date said transfers allegedly occurred, or (5) the evidence that if any transfer occurred in the first place?

**Suggested Answer: YES**

### III.   LEGAL STANDARD

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the complaint filed by the plaintiff. The United States Supreme Court has held that "[a] plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Plaintiff must sufficiently allege a basis upon which he is entitled to relief to overcome a defendant's motion to dismiss.

In considering a Motion to Dismiss, the court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in Twombly, the "factual allegations must be enough to raise a right to relief above the speculative level." Id. A district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must separate the factual and legal elements of the claim. Id. at 210-11. The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiffs' entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. at 211 (citing Iqbal 129 S. Ct. at 1949). The determination for plausibility will be "a context-

6

specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal 129 S. Ct. at 1950).

Pleading standards require more than simple notice pleading, "requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Id. "All civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. at 210 (quoting Iqbal, 129 S. Ct. at 1948).

IV. **ARGUMENT**

    A. **REQUEST FOR DISMISSAL OF COUNT I OF THE COMPLAINT AS TO THE SELLERSVILLE PROPERTY**

As noted above, paragraph 39 of the Complaint alleges that "Carbone Brothers, Ray and/or Sal Carbone fronted the $45,000 of the [Sellersville property] and had the deed put in the name of Cathy Bird Sikora." Paragraph 53 of the Complaint alleges that this was a "transfer" within the meaning of Bankruptcy Code section 101(54) in paragraph 56 alleges that this transfer was made on or within two years of the petition date, which was May 22, 2018.

Section 548(a)(1) of the Bankruptcy Code provides as follows:

The trustee may avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily …".

Accordingly, as a threshold requirement for the existence of a fraudulent conveyance under §548(a)(1) of the Bankruptcy Code, and without even considering whether the tests for actual fraud or constructive fraud are satisfied, there are two conditions precedent, and if either one is not met, then there can be no fraudulent transfer under this section of the Bankruptcy Code.

First, the transaction must be a "transfer of an interest of the debtor in property" and second, that transfer must have occurred within two years of the petition date. If both of these conditions precedent are not satisfied, then Count I of the Complaint must be dismissed as to the Sellersville Property.

Attached hereto as Exhibit 2 is a true and correct copy of the March 10, 2014 Deed to the Sellersville Property from Spencer Niles to Cathy Bird (a/k/a Cathy Sikora). The Deed was recorded with the Bucks County Recorder of Deeds on March 14, 2014 at Instrument No. 2014012288.

This Deed indisputably shows that <u>neither</u> of the above two prerequisites have been satisfied with respect to section 548 of the Bankruptcy Code. First, the transfer took place more than four years before the petition date, so the statute of limitations has lapsed long ago. Second, the Debtor never had any interest in the Sellersville Property to convey in the first place.[1]

Is well-established that, when deciding a Rule 12(b)(6) motion to dismiss, a court may properly consider "undisputedly authentic documents attached as exhibits to a complaint or to a motion to dismiss if the documents are integral to or explicitly relied upon in the complaint." *In re Image Masters*, 421 B.R. 164, n.13 (Bankr. E.D. PA 2009)(citing *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1426 (3d Cir.1997).

---

[1]. Moreover, the Complaint also alleges in paragraph 39 that "Carbone Brothers, Ray and/or Sal Carbone fronted the $45,000" for the purchase of the Sellersville property. Although the verb "fronted" is vague, it suggests that one of those three entities actually put up the money for the purchase of the Sellersville Property. While not necessary to decide this issue at this stage (since Count I of the Complaint should be dismissed anyway as to the Sellersville Property for the reasons stated above), the fact is that *none of these entities contributed any of the funds for the purchase of the Sellersville Property*. Rather, as Cathy Sikora can demonstrably and conclusively prove if ever necessary, *those proceeds came from a divorce proceeding and not from any of the three entities listed*. Even aside from that fact, and even if the money had come from Carbone Brothers or Ray Carbone, there still would be no cause of action because those are not the Debtor herein.

8

In the present case, the recorded Deed to the Sellersville Property certainly qualifies as an indisputably authentic document that is integral to the Complaint, since the Complaint specifically alleges (as it must, in order for there to be a colorable fraudulent conveyance claim under the Bankruptcy Code) that this particular transfer occurred "on or within two years for the Petition Date", namely May 22, 2018. Because this allegation is demonstrably false, Count I of the Complaint must be dismissed at the Sellersville Property on this ground alone.

Moreover, Count I of the Complaint may also be dismissed on the additional ground that there was no "transfer of an interest of the debtor in property" required by §548(a)(1) of the Bankruptcy Code. Sal Carbone never owned the Sellersville Property, and nor is there any allegation in the Complaint that he ever did own it.

### B. REQUEST FOR DISMISSAL OF COUNT I OF THE COMPLAINT AS TO THE MT. KIRK PROPERTY

Paragraph 44 of the Complaint alleges that "Carbone Brothers built the Mt. Kirk Property, similar to the Sellersville Property and transferred this property to Sikora for little or no value." Paragraph 53 of the Complaint alleges that this was a "transfer" within the meaning of Bankruptcy Code section 101(54) in paragraph 56 alleges that this transfer was made on or within two years of the petition date, which was May 22, 2018.

For the same reasons that Count I of the Complaint should be dismissed at Sellersville Property, namely lapse of the statute of limitations and lack of the transfer of an interest of the debtor in property, it should also be dismissed as to the Mt. Kirk Property

Attached hereto as Exhibit 3 is a true and correct copy of the June 26, 2014 Deed to the Mt. Kirk Property from Richard P. Walters and Joan D. Walters to Cathy Bird Sikora. The Deed was recorded with the Montgomery County Recorder of Deeds on June 26, 2014 at 05918, page 00206.

As with the Sellersville Property, the Deed to the Mt. Kirk similarly indisputably again shows that neither of the above two prerequisites have been satisfied. Once again, the transfer took place more than two years before the petition date, so the statute of limitations has lapsed long ago. Second, the Debtor never had any interest in the Mt. Kirk Property to convey in the first place, just as he never had any interest in the Sellersville Property.[2]

In the present case, the recorded Deed to the Mt. Kirk Property certainly qualifies as an indisputably authentic document that is integral to the Complaint, since the Complaint specifically alleges (as it must, in order for there to be a colorable fraudulent conveyance claim under the Bankruptcy Code) that this particular transfer occurred "on or within two years for the Petition Date", namely May 22, 2018. Because this allegation is demonstrably false, Count I of the Complaint must be dismissed at the Mt. Kirk Property on this ground alone.

Moreover, Count I of the Complaint may also be dismissed on the additional ground that there was no "transfer of an interest of the debtor in property" required by §548(a)(1) of the Bankruptcy Code. Sal Carbone never owned the Mt. Kirk Property, and nor is there any allegation in the Complaint that he ever did own it.

---

[2]. It should be noted that the wording of paragraph 44 of the Complaint is slightly different than the wording of paragraph 39. More specifically, paragraph 39 alleges that either Carbone Brothers or Ray Carbone or Sal Carbone "fronted the $45,000" for the purchase of the Sellersville Property, paragraph 44 alleges that Carbone Brothers "transferred" about Kirk property to Sikora. In other words, paragraph 44 is alleging that Carbone Brothers actually owned Mt. Kirk Property. Exhibit 3 clearly shows this allegation to be false, meaning that there was no transfer of an interest by the debtor in the Mt. Kirk Property, which is one of the reasons that count I of the Complaint must be dismissed as to this property. Moreover, even if the Plaintiff attempted to argue that Carbone Brothers or Ray Carbone, or Sal Carbone "fronted" money to purchase the Mt. Kirk Property (which is it does not so allege), that would be irrelevant for the reasons stated above, and false anyway, for the reasons stated in footnote 1.

### C. REQUEST FOR DISMISSAL OF COUNT I OF THE COMPLAINT AS TO THE "PLOWING BUSINESS AND EQUIPMENT"

The Complaint alleges that during a meeting of creditors in connection with Salvador Carbone's bankruptcy, he allegedly testified that Raymond Carbone "was using the truck and plow that was associated with the Carbone Brothers plowing business" and that "Salvatore Carbone allegedly permitted the transfer of the vehicle and plowing business to Ray for little or no value." See paragraph 30. The Complaint does not specify who allegedly owned the truck and plow in the first place or when the transfer occurred.

Paragraph 53 of the Complaint then alleges that: "the transfers of the Carbone Brothers' plowing business equipment, the Sellersville Property and the Mt. Kirk Property constitute 'transfers' within the meaning of Bankruptcy Code section 101(54)."

With respect to the vague reference in paragraph 53 of the Complaint to "the Carbone Brothers' plowing business, [and] equipment," there is no indication in the Complaint as to (1) what equipment or business is being referred to, (2) what evidence exists that it was ever owned by Carbone Brothers, (3) which exact assets were supposedly transferred, (4) the date said transfers allegedly occurred, or (5) the evidence that if any transfer occurred in the first place, it was for little or no value. The only thing that is alleged is that the plowing business and equipment did not belong to the Debtor.

Taken as a whole, the allegations in paragraph 53 of the Complaint with respect to the plowing business and equipment or so vague that they fail to state a claim upon which relief can be granted.

### D. REQUEST FOR DISMISSAL OF COUNT II OF THE COMPLAINT AS TO THE SELLERSVILLE PROPERTY

Count II of the Complaint alleges that the transfers of the Sellersville Property, the Mt. Kirk Property and the plowing business and equipment were transfers of an interest by the Debtor in property. Paragraph 67. In addition, the second paragraph 68 alleges that the Complaint was filed within four years after these transfers were made.

As with the Bankruptcy Code, the Pennsylvania Uniform Fraudulent Transfer Act, 12 P.S. §5104(a) requires a transfer "by a debtor." The statute of limitations for fraudulent transfers under this state statute is four years. 12 P.S. §5109. However, in the case of the statute, the years relates to the date of the filing of the adversary proceeding (March 29, 2019) and not the bankruptcy petition date (May 22, 2018).

Accordingly, as a threshold requirement for the existence of a fraudulent conveyance under the Pennsylvania Uniform Fraudulent Transfer Act and without even considering whether the tests for actual fraud or constructive fraud are satisfied, there are two conditions precedent, and if either one is not met, then there can be no fraudulent transfer under this statute. First, the transaction must be a transfer of an interest of the debtor in property and second, that transfer must have occurred within four years of the date of filing the adversary proceeding. If both of these conditions precedent are not satisfied, then Count II of the Complaint must be dismissed as to the Sellersville Property.

Exhibit 2 is a true and correct copy of the March 10, 2014 Deed to the Sellersville Property from Spencer Niles to Cathy Bird (a/k/a Cathy Sikora). The Deed was recorded with the Bucks County Recorder of Deeds on March 14, 2014 at Instrument No. 2014012288.

This Deed indisputably shows that neither of the above two prerequisites have been satisfied with respect to the Pennsylvania Uniform Fraudulent Transfer Act. First, the transfer

took place more than four years before the March 29, 2019, the date the adversary proceeding was filed, so the statute of limitations has lapsed long ago. Second, as discussed above, the Debtor never had any interest in the Sellersville Property to convey in the first place.[3]

Moreover, Count II of the Complaint may also be dismissed on the additional ground that there was no transfer of an interest of the debtor in property required by the Pennsylvania Uniform Fraudulent Transfer Act. Sal Carbone never owned the Sellersville Property, and nor is there any allegation in the Complaint that he ever did own it.

### E. **REQUEST FOR DISMISSAL OF COUNT II OF THE COMPLAINT AS TO THE MT KIRK PROPERTY**

For the same reasons that Count I of the Complaint should be dismissed at Sellersville Property, namely lapse of the statute of limitations and lack of the transfer of an interest of the debtor in property, it should also be dismissed as to the Mt. Kirk Property

Exhibit 3 is a true and correct copy of the June 26, 2014 Deed to the Mt. Kirk Property from Richard P. Walters and Joan D. Walters to Cathy Bird Sikora. The Deed was recorded with the Montgomery County Recorder of Deeds on June 26, 2014 at 05918, page 00206. Recall that the adversary proceeding was filed on March 29, 2019.

Once again, the transfer took place more than four years before the Complaint date, so the statute of limitations has lapsed. In addition, the Debtor never had any interest in the Mt. Kirk Property to convey in the first place, just as he never had any interest in the Sellersville Property.

Moreover, Count II of the Complaint may also be dismissed on the additional ground that there was no transfer of an interest of the debtor in property required by the Pennsylvania Uniform Fraudulent Transfer Act. Sal Carbone never owned the Mt. Kirk Property, and nor is there any allegation in the Complaint that he ever did own it.

---

[3]. See also notes 1 and 2 supra.

F. **REQUEST FOR DISMISSAL OF COUNT II OF THE COMPLAINT AS TO THE "PLOWING BUSINESS AND EQUIPMENT"**

For the same reasons that there is no cause of action with respect to Count I of the Complaint regarding the plowing equipment, there is also no cause of action with respect to Count II either and the above analysis is incorporated herein by reference.

V. **CONCLUSION**

For all of the above reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP

Date: 4/18/19

By: _____
PETER E. MELTZER, ESQUIRE
2000 Market Street, Suite 1300
Philadelphia, PA 19103
215-972-7924
*Attorneys for Defendants*